IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| KERI A. WAHWASSUCK,<br><br>        Petitioner,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>        Respondent. | Case No. CV 07-0073-S-MHW<br><br>**MEMORANDUM DECISION**<br>**AND ORDER** |

## Introduction

Currently pending before the Court for its consideration is Petitioner Keri A. Wahwassuck's ("Petitioner") Petition for Review (Docket No. 1) of the Respondent's denial of social security benefits, filed February 14, 2007. The Court has reviewed the Petition for Review and the Answer, the parties' memorandums, the administrative record (AR) and for the reasons that follow, will reverse and remand the decision of the Commissioner.

## I.
## Procedural and Factual History

Petitioner filed an application for Disability Insurance Benefits and Supplemental

Security Income on March 18, 2004, alleging disability due to cervicalgia, bipolar disorder, borderline personality disorder, spinal fusion and migraine headaches. Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.

Administrative Law Judge (ALJ) Hayward C. Reed held a hearing on March 22, 2006, taking testimony from Petitioner, medical expert Dr. Michael Enright and vocational expert Anne Aastum. (AR 671-730.) ALJ Reed issued a decision finding Petitioner disabled from November 26, 2003 through November 30, 2004. (AR 17-28.)

Petitioner filed a timely appeal to the Appeals Council which denied her request for review, making the ALJ's decision the final decision of the Commissioner. (AR 6-8.) Petitioner appealed this final decision to this Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 32 years old. She has a high school education and her past work includes sales clerk, seed analyst, color printer operator, home attendant, industrial truck driver, separator operator, industrial cleaner, hand packager and mental retardation aide.

## II.
## Sequential Process

Typically, the Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since her alleged onset date. At step two, it must be determined whether claimant suffers from a severe impairment. The ALJ found Petitioner's status-post spinal fusion was a "severe" impairment within the meaning of the

Regulations. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments for the period of November 26, 2003 to November 30, 2004. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that from November 26, 2003 to November 30, 2004, Petitioner was unable to perform past relevant work. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience. The ALJ found that from November 26, 2003 to November 30, 2004, Petitioner could not perform even sedentary work on a sustained basis. (AR 20-22). The ALJ determined that there were no jobs that existed in significant numbers in the national economy that Petitioner could have performed. (AR 23). The ALJ found Petitioner was under a disability, as defined by the Social Security Act, for a closed period from November 26, 2003 through November 30, 2004. (AR 23).

When the ALJ determines that a claimant is disabled for a closed period of time, the ALJ must follow an eight-step sequential evaluation for determining whether a person's disability has ended. 20 C.F.R. § 404.1594(f)(1)-(8). The first step addresses whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). Step two determines whether the claimant has an impairment or combination of impairments that meet or equal a listed impairment. *Id*. § 404.1594(f)(2). The third step asks whether there has been a medical

**Memorandum Decision and Order - Page 3**

improvement.  *Id*. § 404.1594(f)(3).  Medical improvement is defined as any decrease in the severity of the impairment present at the time of the most recent favorable medical decision.  *Id*. § 404.1594(b)(1).  This determination must be based on changes in the symptoms, signs and/or laboratory findings associated with the impairment.  *Id*.  The next step is to determine whether any such medical improvement is related to the claimant's ability to work.  *Id*. § 404.1594(f)(4).

If it is determined that there has been no medical improvement or that the medical improvement is not related to the claimant's ability to work then, at step five, consideration is given to whether the case meets any of the special exceptions to medical improvement for determining that disability ceased.  *Id*. § 404.1594(f)(5).  If medical improvement is shown to be related to the claimant's ability to work (or if the first group of exceptions apply), then at step six a determination will made whether all of claimant's current impairments in combination are severe, *i.e.*, whether the current impairments limit claimant's physical and mental abilities to do basic work activities.  *Id*. § 404.1594(f)(6).

If the impairment is found to be severe, at step seven, the ALJ must assess whether the claimant can perform past relevant work.  *Id*. § 404.1594(f)(7).  At step eight, if claimant cannot perform her past relevant work, it is determined whether the claimant, given her residual functional capacity, age, education and past work experience, can perform other work.  *Id*. § 404.1594(f)(8).

The ALJ found Petitioner was not performing substantial gainful activity nor had an impairment that met or was medically equal to a listed impairment.  (AR 20, 25).  At step three, the ALJ found that medical improvement occurred as of December 1, 2004.  (AR 24).  At step four, the ALJ determined the medical improvement was related to Petitioner's ability to work.

(AR 26). Because of this determination, step five was unnecessary. At step six, it was determined that Petitioner had severe impairments. (AR 21). At step seven, the ALJ found that Petitioner could not perform past relevant work beginning on December 1, 2004. (AR 26). At the final step, the ALJ found that Petitioner was capable of performing work that exists in significant numbers in the national economy. (AR 27).

### III.
### Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *See* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v*

*Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. *Id.* It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

## IV.
## Discussion

### A.    Medical Improvement

A medical improvement is defined as a "decrease in the medical severity of the impairment which was present at the time of the most recent favorable medical decision." 20 C.F.R. § 404.1594(b)(1). The determination of a decrease in medical severity must be "based upon changes (improvement) in the symptoms, signs and/or laboratory findings associated with the impairment." *Id*.

The medical improvement standard has been employed by many circuits in closed period cases such as the present one. *See Waters v. Barnhart*, 276 F.3d 716 (5th Cir. 2002); *Shepherd v. Apfel*, 184 F.3d 1196 (10th Cir. 1999); *Jones v. Shalala*, 10 F.3d 522 (7th Cir. 1993); *Chrupcala v. Heckler*, 829 F.2d 1269 (3d Cir. 1987); *Pickett v. Bowen*, 833 F.2d 288 (11th Cir. 1987). The

**Memorandum Decision and Order - Page 6**

ALJ in this case applied the medical improvement standard.[1]

Petitioner contends that the ALJ's determination that a medical improvement occurred and her disability ended on December 1, 2004 is not supported by substantial evidence in the record. Petitioner submits that the lack of medical treatment is not a sound basis on which to base a finding of medical improvement.

The Commissioner submits that the finding of medical improvement is supported by substantial evidence in the record, including: Dr. Sant's records which indicated improvement; Petitioner's lack of treatment; and Petitioner's ability to care for her newborn child.

In determining that there was a medical improvement as of December 1, 2004, the ALJ noted that at the hearing Petitioner acknowledged she had stopped medical treatment; that one of claimant's treating physicians, Dr. Sant, found that her condition improved when she took her medications; and that Dr. Sant and Dr. Zimmerman found Petitioner's neck fusion was good without any evidence of significant nerve root entrapment. The ALJ noted that it was significant that Petitioner had failed to seek medical treatment for the last two years. The ALJ also found a significant factor indicating medical improvement was Petitioner's ability to be the primary caregiver for her baby and perform usual household tasks. Dr. Carroll completed a physical RFC of Petitioner on January 10, 2006. The ALJ did not credit this RFC because, in his view, it was mostly a recitation of Petitioner's own subjective allegations of pain and limitations that were not supported by Dr. Carroll's own examination findings. The ALJ noted that as of December 1,

---

[1] The parties disagree as to who has the burden of proof in determining whether there has been a medical improvement. Petitioner contends the burden is on the government to show the claimant's disability ended as of the cessation date. *See Waters v. Barnhart*, 276 F.3d 716, 721 (5th Cir. 2002). Respondent maintains that the burden remains on the claimant to establish entitlement to disability benefits. *See Tidwell v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Court does not find it necessary to determine who has the burden of proof when applying the medical improvement standard. As the reviewing court, this Court will apply the applicable standard and determine whether the AJL's decision was supported by substantial evidence in the record.

**Memorandum Decision and Order - Page 7**

2004, the medical evidence was sparse and did not support Petitioner's allegations of disabling pain. (AR 24). He also found that as of December 1, 2004, the duration, intensity and limiting effects of Petitioner' alleged symptoms were not entirely credible. (AR 26).

As stated above, a medical improvement is defined as "any decrease in the medical severity of" an impairment which was present at the time of the most recent favorable medical decision. 20 C.F.R. § 404.1594(b)(1). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment." *Id*. In determining whether a medical improvement has occurred, the ALJ must identify specific medical evidence. *See Buress v. Apfel*, 141 F.3d 875 (8th Cir. 1998) (noting that the medical evidence failed to reveal any discrete improvement in claimant's condition). The court in that case also noted that the ALJ did not explain the significance of the date he found claimant's disability to have ended. *Id*. at 879. The court recognized that the medical evidence cited by the ALJ in support of his conclusion were dated subsequent to the ending date of the claimant's closed period of disability. *Id*.

Here, the ALJ found that a medical improvement occurred and Petitioner was no longer disabled as of December 1, 2004. First, the Court notes that there is nothing in the ALJ's decision that indicates the significance of this date. The ALJ does not cite to any specific event or record when providing this date, nor could the Court discern anything significant about this date in the record. The ALJ stated there was a medical improvement based, in part, on the sparse medical evidence beginning December 1, 2004. The medical improvement standard requires that there be medical evidence demonstrating an improvement in symptoms, signs or laboratory findings.

**Memorandum Decision and Order - Page 8**

The only medical evidence the ALJ cites to is the finding of Dr. Sant that Petitioner's condition improved when she took her medication and that both Dr. Sant and Dr. Zimmerman found Petitioner's neck fusion was good without any evidence of significant nerve root entrapment.  Dr. Sant's report that Petitioner was having some improvement with pain medication was from September 2004.  (AR 319).  This does not support the ALJ's cessation date of December 1, 2004.

In regard to the lack of treatment, there is evidence that the pain medication caused significant side effects, including nausea and drowsiness.  (AR 335, 337, 399).  At the hearing, Petitioner testified that some of the pain medications made her so ill she could not keep down water.  (AR 695).  Significant side effects are a valid reason for not continuing with a medication.  Dr. Sant's termination of their doctor-patient relationship for missed appointments (AR 311), along with the extreme side effects from the pain medication provide explanation as to why there is sparse medical evidence beginning in late 2004.  The Court finds there is no medical evidence that supports a finding of medical improvement in Petitioner's condition as of December 1, 2004.

The ALJ also cites to the lack of medical evidence when he discredits Petitioner's symptom testimony.  Treatment measures taken by a claimant can factor into a credibility determination.  *See* Soc. Sec. Ruling 96-7p.  However, if a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence.  *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  *See also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (an ALJ may not discredit a claimant's subjective testimony on the basis that there is no objective medical

evidence that supports the testimony.)  Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting pain testimony.  *Id*.  General findings are insufficient, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record.  *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999).  Because there is evidence of an underlying impairment, the ALJ must do more than point to the *lack* of medical evidence in order to discredit Petitioner's pain testimony.

      The ALJ also discredits Petitioner's testimony because she was the primary caregiver for her infant.  An ALJ may consider the claimant's daily activities in making a credibility determination.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).  But, the Ninth Circuit has recognized that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Petitioner does care for her child, but she does so with significant pain and with the help of family members.  (AR 695).  Petitioner should not be penalized for taking care of her child in spite of her limitations.  The Court finds that the ALJ has not provided clear and convincing reasons for rejecting Petitioner's testimony.  Additionally, the reasons provided are not supported by the record.

      Upon careful review and based on the discussion above, the Court does not find the requisite substantial evidence in support of the ALJ's decision that Petitioner experienced a

**Memorandum Decision and Order - Page 10**

medical improvement as of December 1, 2004.[2]

The Court has discretion to remand a case either for additional evidence and findings, or for an award of benefits. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The Commissioner's decision that a medical improvement occurred December 1, 2004 will be reversed and remanded for a reinstatement of Petitioner's disability benefits. The Commissioner may, in the future, initiate further administrative proceedings if it is determined that there has been a medical improvement in Petitioner's condition such that she is capable of substantial gainful activity.

## V.
## Conclusion

Based on its review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence and is the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner's closed period of disability ended, and a medical improvement occurred, as of December 1, 2004 will be reversed and remanded.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** the Commissioner's decision finding that Petitioner was not disabled as of December 1, 2004 be REVERSED and that the matter be REMANDED for a reinstatement of benefits.

---

[2] Because the Court agrees that there is not substantial evidence to support the finding of medical improvement, the Court will not discuss Petitioner's other arguments regarding her alleged mental limitations and Dr. Carroll's residual functional capacity finding.

**Memorandum Decision and Order - Page 11**



DATED: March 24, 2008

_____
Honorable Mikel H. Williams
Chief United States Magistrate Judge

**Memorandum Decision and Order - Page 12**